IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIRUS D. NYTES<br>  6 Kemper Campbell Ranch Road<br>  Victorville, CA  92395<br><br>      Plaintiff,<br><br>v.<br><br>TRUSTIFY, INC.,<br>  200 South 12th Street<br>  Arlington, VA 22202<br><br>      and<br><br>TRINET HR CORPORATION,<br>  1100 San Leandro Blvd, Suite 400<br>  San Leandro, CA  94577,<br><br>      Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C § 1446, Defendant TriNet HR Corporation ("TriNet") invokes the jurisdiction of this Court under 28 U.S.C. § 1332, and states the following grounds for removal:

1. On or about December 7, 2016, Plaintiff Jarius D. Nytes ("Plaintiff") commenced a civil action against Defendants Trustify, Inc. ("Trustify") and TriNet (collectively "Defendants") by filing a Complaint in the Superior Court of the District of Columbia (Civil Action No. 2016 CA 0008803 B). Plaintiff filed an Amended Complaint on or about March 18, 2017. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, documents, and orders of which TriNet is aware are attached as Exhibit 1.

2. TriNet was not served with the original complaint. Upon information and belief, Trustify also was not served with the original complaint.

3. On or about March 28, 2017, TriNet was served with the Amended Complaint.

4.      Upon information and belief, Plaintiff is a domiciliary of the District of Columbia. In the caption of Plaintiff's Amended Complaint, Plaintiff provides a California address below his name. (*See* Amended Complaint ("Compl.")). However, Plaintiff also states that he is a "student at Georgetown University, currently on medical leave." (Compl., ¶ 8). "'When diversity of citizenship is the issue, the relevant evidence is that relating to the domiciles of the parties.'" *Mayer Brown LLP v. Dulcich, Inc.*, 2013 U.S. Dist. LEXIS 28748, *3-4 (D.D.C. Mar. 4, 2013) (quoting *Prakash v. American Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)). "Domicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Id*. "Indicia of domicile include . . . a state driver's license . . . place of employment or business." *Id*. (internal citations omitted).

5.      Further, as stated by the Ninth Circuit in *Kanter v. Warner-Lambert Co*. 265 F.3d 853 (9th Cir. 2001) the requirements for citizenship of a natural person for purposes of diversity jurisdiction as relates to the circumstances of this case are as follows:

> To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter*, 265 F.3d at 857 (citations omitted). The distinction between a resident and a citizen has been well established in the law of this country for 200 years, as the Fourth Circuit reviewed in its survey of the Supreme Court's consistent application of this distinction from 1798 through the current era. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.,*145 F.3d 660, 663 (4th Cir. 1998).

6.      When Plaintiff worked with Trustify, he supplied a District of Columbia driver's license which is valid until 2021. (*See* Plaintiff's D.C. license, attached hereto as Exhibit 2). Further, Plaintiff's publically available LinkedIn page states that he is located in Washington,

2

D.C., and lists him as the President and Founder of Creating Survivors, a Washington, D.C. based company. (*See* LinkedIn profile, attached hereto as Exhibit 3, downloaded on April 17, 2017, and contact information from Creating Survivors webpage, attached hereto as Exhibit 4, downloaded on April 17, 2017).

7.  Accordingly, upon information and belief, Plaintiff was and remains a domiciliary of the District of Columbia. He filed a lawsuit in the District of Columbia arising out of his former employment there. He has shown an ongoing presence in the District of Columbia based upon serving as President and Founder of Creating Survivors, which is located in the District of Columbia. He states in his own pleading in this case that he was and remains a student at Georgetown University, which is located in the District of Columbia, and that he is "currently on medical leave from the University." The driver's license he supplied to Trustify for his employment with that company in the District of Columbia was issued by the District of Columbia and by its terms of issue was to be valid until 2021. All of the forgoing indicates that Plaintiff's residence in California is temporary and he has shown ongoing presence in the District of Columbia and an intent to return to the District of Columbia physically for an indefinite period of time.

8.  Defendant TriNet is incorporated in the State of California (*See* California Secretary of State Certificate of Status, attached hereto as Exhibit 5).[1] Its principal place of business, including the core of its business operations and management, are in the State of California. TriNet is not incorporated in the District of Columbia and it does not maintain its principal place of business there. Under 28 U.S.C. § 1332(c)(1), TriNet is a citizen of California.

9.  Upon information and belief, Defendant Trustify is a citizen of the State of Delaware, its place of incorporation, and the Commonwealth of Virginia, its principal place of

---

[1] The attached certificate is issued in the name of TRINET HR III, Inc. This is the correct name for Defendant TriNet, which was formerly known as TriNet HR Corporation.

business since in or about July 2016, and currently at the Arlington location listed in the caption of this Notice. *See* Declaration of Danny Boice, attached hereto as Exhibit 6.

10. TriNet sought and obtained Trustify's consent to removing this action. Thus, all Defendants consent to the filing of this Notice.

11. This Notice is also timely. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). TriNet received service of the Amended Complaint on March 28, 2017. Upon information and belief, Defendant Trustify was served on April 7, 2017. *See* Exhibit 1, Plaintiff's Affidavit of Service filed on April 21, 2017 in the Superior Court. Accordingly, this Notice of Removal is timely.

12. In his Amended Complaint, Plaintiff seeks to recover "economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial, but in no event in excess of $74,999." (Compl. at p. 7). However, Plaintiff also seeks "[r]easonable attorneys' fees." *Id*. Attorney's fees "may be counted towards establishing a jurisdictional amount when they 'are provided for by . . . a statute in controversy.'" *Parker-Williams v. Charles Tini & Assocs.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014) (internal citations omitted). In his Amended Complaint, Plaintiff alleges two claims under the District of Columbia Human Rights Act ("DCHRA"). The DCHRA authorizes an award of attorney's fees to a prevailing plaintiff pursuant to D.C. Code § 2-1403.13(a)(1)(E). Accordingly, attorney's fees are included when calculating the amount in controversy. *Parker-Williams*, 53 F. Supp. 3d at 153.

13. Pursuant to 28 U.S.C. § 1332(a), the district courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Here, Plaintiff is a domiciliary of the District of Columbia. Defendants are citizens of California and Delaware. Plaintiff seeks to recover over $75,000 in damages and attorney's fees. Accordingly, this Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1446, TriNet may remove this action to this Court.

14. TriNet has served a Motion to Dismiss for failure to state a claim upon which relief can be granted as its response to Plaintiff's Amended Complaint, which remains pending. Thereafter Plaintiff requested TriNet's consent to file a second amended complaint and TriNet gave its consent, although to date the amendment has not been filed. Trustify has not yet made an appearance or argument before the Superior Court of the District of Columbia in this matter.

15. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt by TriNet of the initial pleading and before any proceedings were had concerning the Complaint in the Superior Court of the District of Columbia.

16. TriNet submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

17. Contemporaneously with this filing, TriNet is also filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d). Promptly upon this filing, TriNet will give written notice of the removal of this action to Plaintiff by serving him as further required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant TriNet HR Corporation respectfully requests that this action be removed from the Superior Court of the District of Columbia to the United States District

Court for the District of Columbia.

Dated: April 27, 2017               Respectfully submitted,

                                    /s/ Joseph E. Schuler
                                    Joseph E. Schuler
                                    JACKSON LEWIS P.C. (DC Bar No. 296269)
                                    10701 Parkridge Blvd., Suite 300
                                    Reston, Virginia 20191
                                    Phone: (703) 483-8300
                                    Fax: (703) 483-8301
                                    schulerj@jacksonlewis.com

                                    *Counsel for Defendant TriNet HR Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 27, 2017, a true and accurate copy of the foregoing *Notice of Removal* was filed with the Clerk's Office via courier and was served by U.S. mail, postage prepaid, upon the following:

Denise M. Clark
Jude Nwaokobia
Clark Law Group, PLLC
1250 Connecticut Ave., NW, Suite 200
Washington, DC  20036
*Counsel for Plaintiff*

/s/ Joseph E. Schuler
Joseph E. Schuler

4814-5634-5670, v. 1