# EXHIBIT 1

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| JAIRUS D. NYTES<br>6 Kemper Campbell Ranch Road<br>Victorville, CA 92395,<br><br>         Plaintiff,<br><br>v.<br><br>TRUSTIFY, Inc.<br>1010 Wisconsin Avenue, NW<br>Suite 150<br>Washington, DC 20007<br><br>Serve: Chris Collins<br>      Director of Operations<br>      1010 Wisconsin Avenue, NW<br>      Suite 150<br>      Washington, DC 20007<br><br>and<br><br>TRINET HR CORPORATION<br>9000 Town Center Parkway<br>Bradenton, FL 34202-4101,<br><br>Serve: Jason M. Whiteman, Esq.<br>      Equifax Workforce Solutions<br>      1432 Lackland Road<br>      St. Louis, MO 63146<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
CIVIL ACTIONS BRANCH
DEC 0 7 2016
Superior Court
of the District of Columbia
Washington, D.C.

Case No. 16 - 0 0 0 8 8 0 3

## CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
## AND DEMAND FOR JURY TRIAL

Plaintiff Jairus D. Nytes ("Nytes" or "Plaintiff"), appearing *pro se*, files this Civil

Complaint against co-Defendants Trustify, Inc. ("Trustify") and Trinet HR Corporation

("Trinet") (collectively, the "Defendants") for violations of the District of Columbia Human

Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.*

1



## PARTIES

1.    Nytes is a resident of Victorville, California.  Defendants employed Nytes in its Washington, DC office.

2.    Trustify is a for-profit corporation headquartered in Washington, DC, and transacts significant business in the District of Columbia.

3.    Trinet is a for-profit corporation headquartered in Bradenton, Florida, and transacts significant business in the District of Columbia.

## JURISDICTION AND VENUE

4.    This Court has personal jurisdiction over Trustify because it conducts regular business in the District of Columbia, and it maintains regular and systematic contacts with the District of Columbia.

5.    This Court has personal jurisdiction over Trinet because it conducts regular business in the District of Columbia, and it maintains regular and systematic contacts with the District of Columbia.

6.    This Court has subject matter jurisdiction over the claims in this Complaint brought under the laws of the District of Columbia pursuant to the DCHRA, D.C. Code § 2-1404.01 *et seq.*

7.    Venue is proper in this Court because it is the judicial district where the unlawful employment practices are alleged to have been committed.

## FACTUAL ALLEGATIONS

8.    Nytes is a full-scholarship student at Georgetown University, currently on medical leave. He has completed 83 credits towards his undergraduate degree.  He was employed by Defendants from June 1, 2015 to December 8, 2015.

2

9.    Trustify is engaged in the business of providing and arranging for private investigative services without significant infrastructure with Uber as a business model.

10.   Trinet, upon information and belief, was a joint employer of the Trustify workforce including Nytes.  Trinet is a company that is in the business of providing client companies like Trustify with a full range Human Resources services including payroll, benefits, employee relations and the like.

11.   In May 2015, Trustify offered Nytes full-time employment to be an Account Manager, which Nytes accepted.  Nytes one of the first five employees in the history of Trustify, and he was offered an ownership stake in Trustify.  In the month of August 2015, Trustify experienced rapid growth.  Nytes worked 80 hour weeks, both his work ethic and performance were excellent, and he was quickly promoted and offered raises.

12.   Nytes suffers from a disability – a condition called Bipolar Disorder II.

13.   Nytes disclosed his disability to his managers at Trustify, specifically Steven Flack and Chris Collins, Director of Operations.

14.   Nytes, on more than one occasion, requested reasonable accommodation for his disability.

15.   Trustify refused to engage in the required interactive process with Nytes and refused Nytes an accommodation for his disability.

16.   When Nytes experienced a period of decompensation (in late November 2015 into early December 2015) because of his disability, and after Nytes requested further accommodation, Trustify decided to terminate Nytes.

17.    When Nytes experienced a period of decompensation (in late November 2015 into early

December 2015) because of his disability, and after Nytes requested further

accommodation, Trinet decided to terminate Nytes.

## COUNT I
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Retaliation

18.    Nytes hereby incorporates all allegations set forth in the foregoing paragraphs as though

fully alleged herein.

19.    At all times relevant to this Complaint, Nytes was an "employee" as defined in D.C.

Code § 2-1401.02(9).

20.    At all times relevant to this Complaint, Trustify was an "employer" as defined in D.C.

Code § 2-1401.02(10).

21.    At all times relevant to this Complaint, Trinet was an "employer" as defined in D.C.

Code § 2-1401.02(10).

22.    Nytes engaged in protected activity under the DCHRA when he spoke repeatedly with

Chris Collins and other Trustify managers about his disability and about Nytes' need for

a reasonable accommodation at work.

23.    Trustify took a materially adverse action against Nytes when it refused to provide the

work schedule and the reasonable accommodation that Nytes needed, when Trustify

failed to engage in the interactive process with Nytes, and when Trustify terminated

Nytes' employment.  Trustify also opposed Nytes obtaining unemployment benefits

which was a post-employment adverse action.

24. Trinet took a materially adverse action against Nytes when it refused to provide the work schedule and the reasonable accommodation that Nytes needed, when Trinet failed to engage in the interactive process with Nytes, and when Trinet terminated Nytes' employment. Trinet also opposed Nytes obtaining unemployment benefits which was a post-employment adverse action.

25. The Defendants' hidden motivation to create working conditions that forced Nytes out to preserve an intolerant atmosphere demonstrates causation.

26. Trustify has no legitimate business reasons for the adverse actions it took against Nytes. Trustify's stated reasons for the adverse actions it took against Nytes are pretextual.

27. Trinet has no legitimate business reasons for the adverse actions it took against Nytes. Trinet's stated reasons for the adverse actions it took against Nytes are pretextual.

28. Nytes has sustained damages as the result of Trustify's illegal retaliation in violation of the DCHRA, including, but not limited to economic damages, emotional, mental, and physical distress and anxiety.

29. Nytes has sustained damages as the result of Trinet's illegal retaliation in violation of the DCHRA, including, but not limited to economic damages, emotional, mental, and physical distress and anxiety.

30. Nytes is entitled to such legal and/or equitable relief as will effectuate the purposes of the DCHRA, including but not limited to economic damages of backpay and front pay, compensatory damages, reinstatement, and reasonable costs and attorneys' fees.

## COUNT II
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Disability Discrimination

31.    Nytes hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

32.    At all times relevant to this Complaint, Nytes was an "employee" as defined in D.C. Code § 2-1401.02(9).

33.    At all times relevant to this Complaint, Trustify was an "employer" as defined in D.C. Code § 2-1401.02(10).

34.    At all times relevant to this Complaint, Trinet was an "employer" as defined in D.C. Code § 2-1401.02(10).

35.    Nytes suffers with a disability, and therefore, is a member of a protected class.

36.    Nytes was, upon information and belief, was the only employee of Trustify who had a disability.

37.    Trustify unlawfully discriminated against Nytes when it t refused to provide the work schedule repeatedly requested by Nytes as an accommodation for his disability, and when it terminated his employment.

38.    Trinet unlawfully discriminated against Nytes when it t refused to provide the work schedule repeatedly requested by Nytes as an accommodation for his disability, and when it terminated his employment.

39.    Trustify has no legitimate business reasons for the adverse actions it took against Nytes. Trustify's stated reasons for the adverse actions it took against Nytes are pretext for disability discrimination.

40.   Trinet has no legitimate business reasons for the adverse actions it took against Nytes. Trinet's stated reasons for the adverse actions it took against Nytes are pretext for disability discrimination.

41.   Nytes has sustained damages as the result of Trustify's illegal discrimination in violation of the DCHRA, including, but not limited to economic damages, emotional, mental, and physical distress and anxiety.

42.   Nytes has sustained damages as the result of Trinet's illegal discrimination in violation of the DCHRA, including, but not limited to economic damages, emotional, mental, and physical distress and anxiety.

43.   Nytes is entitled to such legal and/or equitable relief as will effectuate the purposes of the DCHRA, including but not limited to economic damages including backpay and front pay, compensatory damages, an injunction, reinstatement, and reasonable costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays this Honorable Court for the following relief:

A.   Judgment against the Defendants, each of them, jointly and severally, in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial, but in no event in excess of $74,999;

B.   Pre-judgment interest;

C.   A permanent, revised work schedule with reinstatement;

D.   Compensatory damages;

E.   Reasonable attorneys' fees and costs of this action; and

F.  Any other relief this Honorable Court deems just and proper to award.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for any and all issues proper to be so tried.

Respectfully submitted,

Jairus D. Nytes, *pro se*
6 Kemper Campbell Ranch Road
Victorville, CA  92395
(202) 215-0003
jairusnytes@gmail.com

Dated: December 6, 2016



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

JARIUS D. NYTES
_____
                        Plaintiff

vs.                                                 Case Number    2016 CA 008803 B

TRINET HR CORPORATION
_____
                        Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

DENISE CLARK
_____
Name of Plaintiff's Attorney

1250 CONNECTICUT AVE, NW STE. 200
_____
Address
WASHINGTON, D.C. 20036

202-293-0015
_____
Telephone

_Clerk of the Court_

By _____
        Deputy Clerk

Date    **3/27/2017**

如需翻譯,請打電話 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                        CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JAIRUS D. NYTES
Vs.                                                            C.A. No.        2016 CA 008803 B
TRUSTIFY, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to:  Judge JOHN M CAMPBELL
Date:   December 7, 2016
Initial Conference: 9:30 am, Friday, March 17, 2017
Location:  Courtroom 519
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001                                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

‚    A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

Caio.doc



D.C. Courts Home

## Court Cases Online

**Click here to view search criteria**

Case Search for Person: NYTES, JAIRUS

Search retrieved 1 case in less than a second.

**Click here to view search results**

All retrieved cases available for view

Viewing single case; Details retrieved in less than a second.

**Click here to view case summary**

| 2016 CA 008803 B: NYTES, JAIRUS D. Vs. TRUSTIFY, INC., et al. | |
|---|---|
| Case Type: Civil II | File Date: 12/07/2016 |
| Status: Open | Status Date: 12/07/2016 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| NYTES, JAIRUS D. | | Plaintiff | CLARK, Ms DENISE M NWAOKOBIA, JUDE CHUKWUKA |
| TRUSTIFY, INC. | | Defendant | |
| TRINET HR CORPORATION | | Defendant | |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 04/21/2017 | 09:30 AM | Scheduling Conference Hearing |

| Docket Date | Description | Messages |
|---|---|---|
| 03/18/2017 | Amended Complaint Filed | Amended Complaint Filed. submitted 03/18/2017 13:55. ksc Attorney: CLARK, Ms DENISE M (420480) JAIRUS D. NYTES (Plaintiff); |
| 03/16/2017 | Order Sua Sponte to/for: Entered on Docket | Order Rescheduling Scheduling Conference Hearing Currently Scheduled for March 17, 2017 to April 21, 2017 submitted 03/16/2017 13:18. ajm. Signed by Judge Campbell on March 16, 2017. |
| 03/16/2017 | Praecipe to Enter Appearance Filed | Praecipe to Enter Appearance Filed. Submitted 03/16/2017 15:54 jhcs. Ms DENISE M CLARK (Attorney) on behalf of JAIRUS D. NYTES (Plaintiff); JUDE CHUKWUKA NWAOKOBIA (Attorney) on behalf of JAIRUS D. NYTES (Plaintiff) |
| 03/16/2017 | Order Sua Sponte to/for: Entered on Docket | Order Sua Sponte to Continue the Scheduling Conference Hearing Entered in Docket 3/16/17. Signed by J/Campbell and copies sent to parties via USPS on 3/16/17. AB |
| 03/16/2017 | Event Resulted: | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 03/17/2017 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Continued Judge: CAMPBELL, JOHN M Location: Courtroom 519 |
| 03/16/2017 | Scheduling Conference Hearing | Scheduling Conference Hearing Event: Scheduling Conference Hearing Date: 04/21/2017 Time: 9:30 am Judge: CAMPBELL, JOHN M Location: Courtroom 519 |
| 01/26/2017 | Affidavit of Due Diligence Filed | Affidavit of Due Diligence Filed TRUSTIFY, INC. (Defendant); |
| 01/19/2017 | Service Package Referred to Process Server | Service Package Referred to Process Server on January 19, 2017 on behalf of defendant Trustify, Inc. dr TRUSTIFY, INC. (Defendant); |
| 01/03/2017 | Returned Mail: | Returned Mail: Notice of Acknowledgment of Summons, Complaint, and IO Entered on: 12/8/16 Mailed to: Trustify, Inc. Address: Serve: Chris Collins 1010 Wisconsin Ave., NW Ste. 150 Washington, DC 20007 Returned to Court on: 1/3/17 Reason: Return to Sender - Forward Time Expired |
| 12/30/2016 | Final Notice of Acknowledgment mailed to deft(s) on: | Final Notice of Acknowledgment of receipt of summons, complaint, initial order and addendum mailed to defendant TRINET HR CORPORATION on January 3, 2017, by the clerk pursuant to SCR 4(c)(4). dr TRINET HR CORPORATION (Defendant); |
| 12/30/2016 | Final Notice of Acknowledgment mailed to deft(s) on: | Final Notice of Acknowledgment of receipt of summons, complaint, initial order and addendum mailed to defendant TRUSTIFY, INC. on January 3, 2017, by the clerk pursuant to SCR 4(c)(4). dr TRUSTIFY, INC. (Defendant); |
| 12/08/2016 | Complaint ,Summons, and I.O. with | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) by the Clerk Pursuant to SCR 54-II this date: 12/08/2016 TRINET HR CORPORATION (Defendant); |

| Docket Date | Description | Messages |
|---|---|---|
| | Acknowledgment Form mailed to Deft(s) | |
| 12/08/2016 | Complaint ,Summons, and I.O. with Acknowledgment Form mailed to Deft(s) | Complaint Summons and I.O. with Acknowledgment Form mailed to Deft(s) by the Clerk Pursuant to SCR 54-II this date: 12/08/2016 TRUSTIFY, INC. (Defendant); |
| 12/07/2016 | Service Issued | Issue Date: 12/07/2016 Service: Summons Issued Method: Service Issued Cost Per: $<br><br>TRUSTIFY, INC. 1010 Wisconsin Avenue NW WASHINGTON, DC 20007 Tracking No: 5000182165<br><br>TRINET HR CORPORATION 9000 Town Center Parkway BRADENTON, FL 34202 Tracking No: 5000182166<br><br>TRINET HR CORPORATION 1432 Lackland Road SAINT LOUIS, MO 63146 Tracking No: 5000182167 |
| 12/07/2016 | Service Issued | Issue Date: 12/07/2016 Service: Summons Issued Method: Service Issued Cost Per: $<br><br>TRUSTIFY, INC. Tracking No: 5000182163<br><br>TRINET HR CORPORATION Tracking No: 5000182164 |
| 12/07/2016 | Order Granting Motion to Proceed In Forma Pauperis Entered on the Docket | Order Granting Motion to Proceed In Forma Pauperis Entered on the Docket. Signed by Judge Johnson on December 7, 2016. |
| 12/07/2016 | Motion to Proceed In Forma Pauperis Filed | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) JAIRUS D. NYTES (Plaintiff); |
| 12/07/2016 | Event Scheduled | Event Scheduled Event: Initial Scheduling Conference-60 Date: 03/17/2017 Time: 9:30 am Judge: CAMPBELL, JOHN M Location: Courtroom 519 |
| 12/07/2016 | Complaint for Employment Discrimination (Non-MPA) Filed | Complaint for Employment Discrimination (Non-MPA) Filed Attorney: PRO SE (999999) JAIRUS D. NYTES (Plaintiff); |

| Receipt # | Date | From | Payments | Fee | | Amount Paid |
|---|---|---|---|---|---|---|
| 364012 | 03/27/2017 | NWAOKOBIA, JUDE CHUKWUKA | Efile | $20.00 | Cost $20.00 | $20.00 |

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAIRUS D. NYTES )
6 Kemper Campbell Ranch Road )
Victorville, CA 92395, )
          Plaintiff, )
    v. )
)
TRUSTIFY, Inc. )
1010 Wisconsin Avenue, NW Suite 150 )
Washington, DC 20007 )
)
    and )
)
TRINET HR CORPORATION )
1100 San Leandro Blvd, Suite 400 )
San Leandro CA 94577 )
          Defendants )
)

2016 CA 0008803B
Judge John Campbell

Next Event: April 21, 2017, 9:30 am
Initial Conference

## AMENDED COMPLAINT

Plaintiff Jairus D. Nytes ("Nytes" or "Plaintiff"), by his undersigned counsel files this

Civil Complaint against co-Defendants Trustify, Inc. ("Trustify") and Trinet HR Corporation

("Trinet") (collectively, the "Defendants") for violations of the District of Columbia Human

Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq*.

## PARTIES

1.     Nytes is a resident of Victorville, California. Defendants employed Nytes in its

    Washington, DC office.

2.     Trustify is a for-profit corporation headquartered in Washington, DC, and transacts

    significant business in the District of Columbia.

3.     Trinet is a for-profit corporation headquartered in Bradenton, Florida, and transacts

    significant business in the District of Columbia.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Trustify because it conducts regular business in the District of Columbia, and it maintains regular and systematic contacts with the District of Columbia.

5. This Court has personal jurisdiction over Trinet because it conducts regular business in the District of Columbia, and it maintains regular and systematic contacts with the District of Columbia.

6. This Court has subject matter jurisdiction over the claims in this Complaint brought under the laws of the District of Columbia pursuant to the DCHRA, D.C. Code § 2-1404.01 *et seq.*

7. Venue is proper in this Court because it is the judicial district where the unlawful employment practices are alleged to have been committed.

## FACTUAL ALLEGATIONS

8. Nytes is a full-scholarship student at Georgetown University, currently on medical leave. He has completed 83 credits towards his undergraduate degree. He was employed by Defendants from June 1, 2015 to December 8, 2015.

9. Trustify is engaged in the business of providing and arranging for private investigative services without significant infrastructure with Uber as a business model.

10. Trinet, upon information and belief, was a joint employer of the Trustify workforce including Nytes. Trinet is a company that is in the business of providing client companies like Trustify with a full range Human Resources services including payroll, benefits, employee relations and the like.

2

11.   In May 2015, Trustify offered Nytes full-time employment to be an Account Manager, which Nytes accepted.  Nytes one of the first five employees in the history of Trustify, and he was offered an ownership stake in Trustify.  In the month of August 2015, Trustify experienced rapid growth.  Nytes worked 80 hour weeks, both his work ethic and performance were excellent, and he was quickly promoted and offered raises.

12.   Nytes suffers from a disability – a condition called Bipolar Disorder II.

13.   Nytes disclosed his disability to his managers at Trustify, specifically Steven Flack and Chris Collins, Director of Operations.

14.   Nytes, on more than one occasion, requested reasonable accommodation for his disability.

15.   Trustify refused to engage in the required interactive process with Nytes and refused Nytes an accommodation for his disability.

16.   When Nytes experienced a period of decompensation (in late November 2015 into early December 2015) because of his disability, and after Nytes requested further accommodation, Trustify decided to terminate Nytes.

17.   When Nytes experienced a period of decompensation (in late November 2015 into early December 2015) because of his disability, and after Nytes requested further accommodation, Trinet decided to terminate Nytes.

## COUNT I
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Retaliation

18.   Nytes hereby incorporates all allegations set forth in the foregoing paragraphs as though fully alleged herein.

3

19. At all times relevant to this Complaint, Nytes was an "employee" as defined in D.C. Code § 2-1401.02(9).

20. At all times relevant to this Complaint, Trustify was an "employer" as defined in D.C. Code § 2-1401.02(10).

21. At all times relevant to this Complaint, Trinet was an "employer" as defined in D.C. Code § 2-1401.02(10).

22. Nytes engaged in protected activity under the DCHRA when he spoke repeatedly with Chris Collins and other Trustify managers about his disability and about Nytes' need for a reasonable accommodation at work.

23. Trustify took a materially adverse action against Nytes when it refused to provide the work schedule and the reasonable accommodation that Nytes needed, when Trustify failed to engage in the interactive process with Nytes, and when Trustify terminated Nytes' employment. Trustify also opposed Nytes obtaining unemployment benefits which was a post-employment adverse action.

24. Trinet took a materially adverse action against Nytes when it refused to provide the work schedule and the reasonable accommodation that Nytes needed, when Trinet failed to engage in the interactive process with Nytes, and when Trinet terminated Nytes' employment. Trinet also opposed Nytes obtaining unemployment benefits which was a post-employment adverse action.

25. The Defendants' hidden motivation to create working conditions that forced Nytes out to preserve an intolerant atmosphere demonstrates causation.

26. Trustify has no legitimate business reasons for the adverse actions it took against Nytes. Trustify's stated reasons for the adverse actions it took against Nytes are pretextual.

4

27.   Trinet has no legitimate business reasons for the adverse actions it took against Nytes.
      Trinet's stated reasons for the adverse actions it took against Nytes are pretextual.

28.   Nytes has sustained damages as the result of Trustify's illegal retaliation in violation of
      the DCHRA, including, but not limited to economic damages, emotional, mental, and
      physical distress and anxiety.

29.   Nytes has sustained damages as the result of Trinet's illegal retaliation in violation of the
      DCHRA, including, but not limited to economic damages, emotional, mental, and
      physical distress and anxiety.

30.   Nytes is entitled to such legal and/or equitable relief as will effectuate the purposes of the
      DCHRA, including but not limited to economic damages of backpay and front pay,
      compensatory damages, reinstatement, and reasonable costs and attorneys' fees.

**COUNT II**
**D.C. Human Rights Act**
**D.C. Code § 2-1401 *et seq.***
**Disability Discrimination**

31.   Nytes hereby incorporates all allegations set forth in the foregoing paragraphs as though
      fully alleged herein.

32.   At all times relevant to this Complaint, Nytes was an "employee" as defined in D.C.
      Code § 2-1401.02(9).

33.   At all times relevant to this Complaint, Trustify was an "employer" as defined in D.C.
      Code § 2-1401.02(10).

34.   At all times relevant to this Complaint, Trinet was an "employer" as defined in D.C.
      Code § 2-1401.02(10).

35.   Nytes suffers with a disability, and therefore, is a member of a protected class.

5

36.  Nytes was, upon information and belief, was the only employee of Trustify who had a disability.

37.  Trustify unlawfully discriminated against Nytes when it t refused to provide the work schedule repeatedly requested by Nytes as an accommodation for his disability, and when it terminated his employment.

38.  Trinet unlawfully discriminated against Nytes when it t refused to provide the work schedule repeatedly requested by Nytes as an accommodation for his disability, and when it terminated his employment.

39.  Trustify has no legitimate business reasons for the adverse actions it took against Nytes. Trustify's stated reasons for the adverse actions it took against Nytes are pretext for disability discrimination.

40.  Trinet has no legitimate business reasons for the adverse actions it took against Nytes. Trinet's stated reasons for the adverse actions it took against Nytes are pretext for disability discrimination.

41.  Nytes has sustained damages as the result of Trustify's illegal discrimination in violation of the DCHRA, including, but not limited to economic damages, emotional, mental, and physical distress and anxiety.

42.  Nytes has sustained damages as the result of Trinet's illegal discrimination in violation of the DCHRA, including, but not limited to economic damages, emotional, mental, and physical distress and anxiety.

43.  Nytes is entitled to such legal and/or equitable relief as will effectuate the purposes of the DCHRA, including but not limited to economic damages including backpay and front

6

pay, compensatory damages, an injunction, reinstatement, and reasonable costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays this Honorable Court for the following relief:

A. Judgment against the Defendants, each of them, jointly and severally, in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial, but in no event in excess of $74,999;

B. Pre-judgment interest;

C. A permanent, revised work schedule with reinstatement;

D. Compensatory damages;

E. Reasonable attorneys' fees and costs of this action; and

F. Any other relief this Honorable Court deems just and proper to award.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for any and all issues proper to be so tried.

Dated: March 18, 2017

Respectfully submitted,

/s/Denise M. Clark
Denise M. Clark (420480)
Jude Nwaokobia (1044092)
Clark Law Group, PLLC
1250 Connective Ave., N.W., Suite 200
Washington, D.C. 20036
Tel: (202) 293- 0015
Fax: (202) 293-0115
dmclark@benefitcounsel.com

7

MAR.2.8 2017

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

_____

JAIRUS D. NYTES           )
,                               )
                   Plaintiff,   )
     v.                      )
                               )
TRUSTIFY, Inc.          )
                               )
     and                )
                               )
TRINET HR  CORPORATION )
               Defendants )
_____ )

2016 CA 0008803B

Judge John Campbell

Next Event: May 12, 2017, 9:30 am

Initial Conference

## <u>AFFIDAVIT OF SERVICE</u>

Pursuant to Rule 4(l)(I) of the D.C. Superior Court Rules of Civil Procedure, I swear under penalty of perjury:

1. My name is Jude Nwaokobia.

2. I am a person who is not a party to this case and who is at least 18 years of age.

3. My business address is 1250 Connecticut, Ave., NW, Suite 200, Washington, DC 20036.

4. Legalinc Corporate Services Inc. is a registered agent of Trustify, Inc.

5. I sent a copy of the amended complaint, summons and the initial order for the above captioned case via certified mail, return receipt requested, to Legalinc Corporate Services Inc., 2035 Sunset Lake Rd. Ste. B-2, Newark, DE 19702 on March 28, 2017.

6. Legalinc Corporate Services Inc.  represented to the undersigned that it accepted service of process on behalf of Trustify, Inc. on  April 7, 2017.

7. I received the attached Return Receipt from Legalinc Corporate Services Inc on April 11, 2017.

Date: April 21, 2017                    Respectfully submitted,

                                        ___/s/ Jude Nwaokobia_____

                                        Jude Nwaokobia
                                        Clark Law Group, PLLC
                                        1250 Connecticut Ave., NW, Suite 200
                                        Washington, DC 20036
                                        jnwaokobia@benefitcounsel.com
                                        202-293-0015 Phone
                                        202-293-0115 Fax

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LegalInc Corp. Services Inc.
2035 Sunset Lake Rd
Ste. B-2
Newark, DE 19702

9590 9402 1415 5329 5851 01

Article Number (Transfer from service label)

7016 0750 0000 8791 1464

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Sharla

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Sharla Williams

C. Date of Delivery
4/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

• Sender: Please print your name, address, and ZIP+4® in this box•

Cloth Law Group
1250 Connecticut Ave., NW
Suite 200
Washington, DC 20036

USPS TRACKING #

9590 9402 1415 532 5851 01

United States
Postal Service

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **JAIRUS D. NYTES,** | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Case No.  2016 CA 8803 B |
| **v.** | ) | Calendar 13 |
| | ) | Judge John M. Campbell |
| **TRUSTIFY, INC., et al,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**ORDER**

This matter is scheduled to have a Scheduling Conference Hearing on April 21, 2017. However, Defendant Trinet HR Corporation recently filed a motion to dismiss. Additionally, there are deficiencies in service as to Defendant Trustify, Inc. (the affidavit of service fails to attach a green card).  Accordingly, it is this 21st day of April, 2017, hereby

**ORDERED** that the Scheduling Conference Hearing currently scheduled for April 21, 2017, is rescheduled to May 12, 2017, at 9:30 a.m. in Courtroom 519.

**John M. Campbell**
Associate Judge

Copies to:

Denise Clark, Esq.
Judge Nwaokobia, Esq.
Joseph Schuler, Esq.
*Via CFX*


Trustify, Inc.
1010 Wisconsin Ave. NW
Suite 150
Washington, DC 20007
*Via USPS*

1

Filed
D.C. Superior Court
04/17/2017 19:11PM
Clerk of the Court

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| JAIRUS D. NYTES,  )  )<br>   Plaintiff,  )  )<br>v.  )  )<br>TRUSTIFY, Inc.,  )  )<br>   and  )  )<br>TRINET HR CORPORATION,  )<br> 1100 San Leandro Blvd, Suite 400  )<br> San Leandro, CA  94577,  )  )<br>   Defendants.  )  ) | **2016 CA 0008803 B**<br>**Judge John Campbell**<br><br>**Next Event: Apr. 21, 2017, 9:30 am**<br>**Initial Conference** |

## DEFENDANT TRINET HR CORPORATION'S MOTION TO DISMISS AND RULE 12-I CERTIFICATION

Defendant TriNet HR Corporation ("TriNet") hereby moves to dismiss Plaintiff Jairus D. Nytes's Amended Complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. For the reasons set forth in its supporting memorandum, TriNet respectfully requests that the Court dismiss all claims against it in Plaintiff's Amended Complaint with prejudice and enter judgment in TriNet's favor.

Dated: April 17, 2017     Respectfully submitted,

             /s/ Joseph E. Schuler
             Joseph E. Schuler (DC Bar No. 296269)
             JACKSON LEWIS P.C.
             10701 Parkridge Blvd., Suite 300
             Reston, Virginia 20191
             Phone: (703) 483-8300
             Fax: (703) 483-8301
             schulerj@jacksonlewis.com
             *Counsel for Defendant TriNet HR Corporation*

## CERTIFICATION PURSUANT TO RULE 12-I

Counsel for Defendant hereby certifies pursuant to Rule 12-I that he contacted counsel

for Plaintiff to seek consent to the relief requested and Plaintiff does not consent.

/s/ Joseph E. Schuler
Joseph E. Schuler (DC Bar No. 296269)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 17, 2017, a true and accurate copy of the foregoing

*Defendant TriNet HR Corporation's Motion to Dismiss* was filed with the Clerk's Office via Case

File Express which will serve a copy upon the following:

Denise M. Clark
Jude Nwaokobia
Clark Law Group, PLLC
1250 Connecticut Ave., NW, Suite 200
Washington, DC  20036
*Counsel for Plaintiff*

/s/ Joseph E. Schuler
Joseph E. Schuler

4815-4752-1095, v. 1